IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| REGGIE FORNEY, on behalf of herself and all other plaintiffs similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TTX COMPANY and TIM LOEFFLER, individually,<br><br>Defendants. | ) ) ) ) ) ) ) ) ) ) ) )<br><br>Civil Action No.: 05 C 6257<br><br>Suzanne B. Conlon, Judge |

## MEMORANDUM OPINION AND ORDER

Reggie Forney brought this putative class action against TTX Company and Tim Loeffler, alleging violations of federal and state wage statutes as well as common law. Defendants move for approval and enforcement of a purported settlement agreement. For the reasons set forth below, the motion is denied.

## BACKGROUND

This case arises from disputes over Forney's overtime wages and medical leave. Forney worked at TTX for seventeen years before she was terminated in September 2005. Answer at ¶ 1. At the time of termination, she was a maintenance accountant; Loeffler was her supervisor. *Id.* at ¶ 9; Defs. Mem. at 2. Her nine-count amended complaint alleges claims based on federal and state wage statutes (Counts I through V), the Family Medical Leave Act (Count VI), and common law (Counts VII through IV). This motion concerns the purported settlement of Counts I through V.

On October 28, 2005, Forney sent a letter to TTX demanding $2,989.40 for "all wages, salary, and compensation to which [she] is due" under the Illinois Wage Payment and Collections

Act ("the IWPCA"). Pl. Ex. A at 1. Three days after making the demand, she filed this case. As a putative class representative, she brought her wage claims under five federal and state statutes, including the IWPCA. Am. Compl. at ¶¶ 1-63.

After the commencement of this case, the parties discussed settlement on several occasions. On November 11, 2005, defendants sent a letter to Forney requesting a settlement demand. Pl. Ex. D at 1. In their letter, defendants questioned the jury value of this case, noting Forney demanded "less than $3,000" for her wage claims. *Id.* They sent a second request on November 28, 2005. Pl. Ex. F at 1. The next day, Forney offered to settle the entire case for $6 million. Pl. Ex. G at 1. Defendants made a counter-offer of $17,000 on December 14, 2005. Denis Aff. at ¶10. But Forney rejected defendants' counter-offer. Pl. Ex. I at 1. At the status hearing on December 16, 2005, the parties informed the court that they failed to reach a settlement. Dkt. No. 18 (Dec. 16, 2005).

On January 6, 2006, defendants sent Forney a check in the amount of $2,989.40. Defs. Ex. B at 1. They asserted the payment constituted acceptance of Forney's October 28, 2005 offer to settle her "entire wage, salary and compensation claim." *Id.* Forney returned the check, stating the October 28, 2005 offer reflected an incorrect amount based on information obtained through discovery. Defs. Ex. C at 1. Arguing their acceptance perfected the formation of an enforceable agreement, defendants move for approval of this purported settlement agreement.

## DISCUSSION

### I.      Legal Standard

State law governs the formation of settlement agreements. *Liu v. T & H Mach., Inc.*, 191 F.3d 790, 795 (7th Cir. 1999). Because the parties' briefs assume Illinois law governs, the court applies Illinois law. *Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency, Inc.*, 39 F.3d

138, 142 n.2 (7th Cir. 1994) (the district court may apply forum law if the parties do not raise a choice of law issue). In Illinois, an enforceable settlement agreement requires offer, acceptance, and consideration. *See Sementa v. Tylman*, 595 N.E.2d 688, 691 (Ill. App. Ct. 2d Dist. 1992); *see also Int'l Bus. Lists, Inc. v. AT & T Co.*, 147 F.3d 636, 641 (7th Cir. 1998). Questions of contract formation typically fall within the province of the jury. *Liu*, 191 F.3d at 795. But if the relevant facts are undisputed, "the question of the existence of a contract is solely a matter of law for determination by the court." *Malcak v. Westchester Park Dist.*, 754 F.2d 239, 243 (7th Cir. 1985).

## II.    Offer and Acceptance

Defendants argue the parties formed a valid agreement to settle the wage claims. According to defendants' theory, Forney offered to settle her wage claims for $2,989.40 on October 28, 2005. Defendants accepted her offer by tendering payment on January 6, 2006. According to defendants, her return of the payment could not invalidate the settlement because she failed to withdraw her offer before defendants accepted.

Defendants' theory of contract formation is fatally defective because it ignores two events that took place after October 28, 2005. First, on November 29, 2005, Forney made a new settlement offer of $6 million for the entire case, including her wage claims. Pl. Ex. G at 1. The new offer revoked the October 28, 2005 offer; as a result, defendants' power to accept the original offer was terminated. *Int'l Adm'rs Inc. v. Life Ins. Co. of N. Am.*, 564 F. Supp. 1247, 1256 (N.D. Ill. 1983), *aff'd*, 753 F.2d 1373 (7th Cir. 1985) (making of a later offer revokes an earlier offer); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 42 (1981) ("[a]n offeree's power of acceptance is terminated when the offeree receives from the offeror a manifestation of an intention not to enter into the proposed contract"). Second, in response to the $6 million offer, defendants counter-offered

$17,000 on December 14, 2005. Denis Aff. at ¶10. This counter-offer terminated defendants' power to accept the $6 million offer, and *a fortiori*, the October 28, 2005 offer. *Sementa*, 595 N.E.2d at 692 ("a counter offer constitutes a rejection of the original offer"); *see also* RESTATEMENT (SECOND) OF CONTRACTS § 39(2) ("[a]n offeree's power of acceptance is terminated by his making of a counter-offer"). Because defendants no longer had the power to accept the October 28, 2005 offer, their purported acceptance could not produce an enforceable agreement. *Sementa*, 595 N.E.2d at 692 ("[a] rejected offer cannot be revived by a later acceptance").

Defendants' conduct clashes with their theory. In November 2005, they twice demanded a new settlement offer from Forney. Pl. Ex. D at 1, Ex. F at 1. These demands underscored defendants' understanding that as a result of the commencement of this case, Forney's October 28, 2005 offer was no longer valid. Moreover, defendants' correspondence with Forney and statements to the court gave no indication that they intended to settle the wage claims separately. Their conduct demonstrates post-filing settlement discussions superseded Forney's October 28, 2005 offer. Because the lack of a valid offer precludes a finding of an enforceable contract, the court need not address defendants' arguments on acceptance, meeting of the minds, and public policy.

In her response, Forney requests sanctions against defendants for making misrepresentations in their brief. Defendants have indeed concealed dispositive facts concerning post-filing settlement negotiations. Defendants' theory of contract formation is utterly without merit. But before the court may properly consider Forney's request, defendants must be given notice of possible sanctions and an opportunity to be heard. *Johnson v. Cherry*, 422 F.3d 540, 551 (7th Cir. 2005). Because no notice was given, the sanctions issue is not properly before the court.

## CONCLUSION

For the reasons set forth above, defendants' motion for approval and enforcement of the purported settlement agreement is denied.

ENTER:

*Suzanne B. Conlon*

Suzanne B. Conlon
United States District Judge

March 8, 2006